IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALLISON PEPPER                                                                                    PLAINTIFF

v.                                        4:25-cv-00623-JM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                        DEFENDANT

## ORDER

Allison Pepper began this action in state court to recover under her underinsured motorist policy (UIM) with State Farm Mutual Automobile Insurance Company (State Farm). State Farm removed the case on the basis of diversity jurisdiction. Pending is Ms. Pepper's motion to remand (Doc. No. 6). State Farm has responded, and Ms. Pepper filed a reply. For the reasons stated below, the motion to remand is granted.

### Background

Ms. Pepper suffered injuries in a motor vehicle accident on October 4, 2023. With State Farm's consent, she settled with the at-fault party's insurer for its policy limits of $50,000. Ms. Pepper also made a demand on State Farm under her UIM coverage, which has a policy limit of $100,000. State Farm offered nothing to settle the claim, and Ms. Pepper filed suit in Saline County Circuit Court.[1]

Her complaint alleges one cause of action, breach of contract. Ms. Pepper alleges that her injuries included an exacerbation of her low back condition that required surgery; that her medical expenses to date are nearly $25,000; and that she suffered "immense noneconomic damages, including pain, suffering, and mental anguish." (Doc. No. 2 ¶ 6). She alleges that the

---

[1] *Allison Pepper v. State Farm Mutual Automobile Insurance Company*, Case No. 63cv-25-910-2.

$50,000 she received from the tortfeasor were insufficient to cover her damages. In her prayer for relief, Pepper seeks damages "for a sum beneath the amount required for federal court jurisdiction in diversity of citizenship cases, the statutory twelve percent penalty, and all attorney's fees and costs associated with the prosecution and collection of this loss." (*Id.* at ¶ 17). She also asks for pre- and post-judgment interest and "for all other legal and equitable relief to which she may be entitled." *Id.*

State Farm filed a notice of removal pursuant to 28 U.S.C. § 1332 asserting diversity jurisdiction and stating that Plaintiff seeks damages in excess of the amount necessary for federal jurisdiction. (Doc. No. 1 ¶¶ 4-5). Ms. Pepper filed a motion to remand referring to her prayer for a sum beneath the jurisdictional amount of $75,000. Ms. Pepper included a stipulation in her response, "by and through" her counsel, that "her total damages from all sources do not exceed $75,000, exclusive of interest and costs, and that she does not and will not seek, nor will she accept, any damages in excess of the amount required for federal court jurisdiction in diversity of citizenship cases." (Doc. Nos. 6 ¶ 5). In response, State Farm attached a letter from Ms. Pepper's counsel dated October 16, 2024 seeking approval of the $50,000 policy-limits settlement with the tortfeasor and stating, "Ms. Pepper required surgery on her lower back because of this incident, therefore we are demanding payment of her underinsured policy limits to resolve this claim." (Doc. No. 9-1). State Farm also attached a second demand letter dated February 13, 2025 that outlines her injuries, her treatment, and the severity of her pain. Again, she demanded her UIM policy limits.

Discussion

Ms. Pepper does not challenge that the parties are diverse, and the Court finds that they

2

are. The sole issue is whether the amount in controversy exceeds the jurisdictional threshold. As the removing party, State Farm bears the burden of proving by a preponderance of the evidence the amount in controversy exceeds the $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Eighth Circuit has described this burden as having "to establish the "relevant jurisdictional fact" of "whether a fact finder might legally conclude" that "the damages are greater than the requisite amount." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). If this burden is met, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Kopp* at 885. All doubts must be resolved in favor of remand. *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020).

"It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or ... at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting § 1446(c)(2)). It has been long recognized that "[if a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). Here, Ms. Pepper did not make a claim for a specified sum. Her prayer for an amount under the jurisdictional minimum leaves the amount in controversy subject to proof. *See Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020); and *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

To meet its burden, State Farm relies on (1) allegations in the complaint that Ms. Pepper suffered "immense noneconomic damages, including pain, suffering, and mental anguish; the (2) the pre-suit demand letters sent by Ms. Pepper's counsel demanding her UIM policy limits; and (3) Ms. Pepper's claim for the 12% statutory penalty and attorney's fees. State Farm also challenges what it sees as Ms. Pepper's post-removal attempts to cap her recovery below the jurisdictional threshold. While State Farm suggests that the amount of the UIM policy alone is sufficient to meet this threshold, it does not cite any authority for the proposition in this context. The potential value of the claim is determinative of the issue. *See Lowe v. First Fin. Ins. Co.*, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015) (citing 1A Federal Procedure, Lawyers Edition § 1:461 (2014)).

In determining the value of the claim, the Court considers that Ms. Pepper brings a breach of contract claim and seeks the 12% statutory penalty, attorney's fees and interest. The complaint alleges "nearly $25,000" in medical expenses. Ms. Pepper also submitted two letters to State Farm demanding her UIM policy limits. Settlement demands can be relevant evidence of the amount in controversy if it "appears to reflect a reasonable estimate of the plaintiff's claim" rather than posturing for settlement purposes. *Wang v. Pac. Cycle, Inc.*, 530 F. Supp. 2d 1048, 1051 (S.D. Iowa 2008). While the October 16, 2024 demand could be characterized as posturing, included as it was along with a request for approval of the underlying settlement, the February 13, 2025 letter is not. It contains a detailed evaluation of the injury, Ms. Pepper's condition before and after the accident, the severity and constancy of her pain, and the need for increased pain management medication and ultimately back surgery. On this evidence, the Court finds that State Farm has met its burden of proof that the potential value of Ms. Pepper's claim exceeds

4

$75,000, when considered with the 12% penalty and a potential 40% recovery of attorney's fees and interest.

The Court must now consider whether Ms. Pepper has established to a legal certainty that her claim falls below the jurisdictional limit. She argues that she has done so with her prayer for damages and also with her post-removal stipulation. The Court finds that her prayer "for a sum beneath the amount required for federal court jurisdiction in diversity of citizenship cases, the statutory twelve percent penalty, and all attorney's fees and costs associated with the prosecution and collection of this loss" on its own is insufficient to defeat federal jurisdiction.[2] The question, then, is whether her post-removal stipulation is.

The law is clearly established that a plaintiff "may not merely amend his complaint after removal to claim damages below the jurisdictional amount and deprive the federal court of jurisdiction." *Thatcher v. Hanover Ins. Group, Inc.* 659 F.3d 1212, 1214 (8th Cir. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "However, courts have considered post-removal stipulations to the extent they clarify rather than amend the original pleading." *Waterloo Affordable Hous., LLC v. Leumas Residential, LLC*, No. C24-2057-LTS-KEM, 2025 WL 388802, at *4 (N.D. Iowa Feb. 4, 2025); *see also Leflar v. Target Corp.*, 57 F.4th 600, 605 (8th Cir. 2023) (holding that "the test" when deciding whether to consider post-removal stipulations, "is simply whether the additional proof sheds light on the situation [that] existed when the case was removed." (internal quotation and citation omitted); *McGuire v. J.B.*

---

[2] *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (the removing party has the burden to establish the requisite amount "regardless of whether 'the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum.'" (quoting *Minn. Mut.,* 346 F.3d at 834).

*Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550 *4 (E.D. Mo. June 10, 2010). In response to State Farm's notice of removal, Ms. Pepper, by and through her attorney, stipulated that "her total damages from all sources do not exceed $75,000, exclusive of interest and costs." More importantly, she also stipulated that "she does not and will not seek, nor will she accept, any damages in excess of the amount required for federal court jurisdiction in diversity of citizenship cases." (Doc. No. 6, ¶ 5). This stipulation is binding and does not constitute an amendment of her complaint. *See Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1061 (5th Cir. 2022) (finding that "when the plaintiff states the *fact* that it is not seeking more than a particular amount and that it will not accept more than that amount, the *legal consequence* is that the court may not order more than that amount."). The doctrine of judicial estoppel would prevent her from taking an inconsistent position in state court. *See Givens v. Allstate Ins. Co.*, No. 2:14-CV-00135 KGB, 2015 WL 4763617, at *2 (E.D. Ark. Aug. 12, 2015). Therefore, the Court finds that with this stipulation, Ms. Pepper has established to a legal certainty that her recovery cannot meet the jurisdictional threshold.

THEREFORE, Plaintiff's motion to remand (Doc. No. 6) is GRANTED, and the Clerk is directed to remand this case forthwith to the Saline County Circuit Court.

IT IS SO ORDERED this 5th day of November, 2025.

_____
JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE